Irvin O. Crist v. Commissioner.
Crist v. Commissioner
Docket No. 1548-69 SC.
United States Tax Court
T.C. Memo 1970-115; 1970 Tax Ct. Memo LEXIS 246; 29 T.C.M. (CCH) 510; T.C.M. (RIA) 70115; May 14, 1970, Filed J. Joseph Larkin, 141 E. Market St., York, Pa., for the petitioner. Mary Ann Hagan, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioner has been determined by the Commissioner for the taxable year 1966 in the amount of $377.05. The only issue to be decided is whether expenses of petitioner in traveling between his home and his place of employment and the cost of his meals while at work are deductible business expenses *247 under section 162, I.R.C. 1954. Findings of Fact All facts which have been stipulated are found as fact. The petitioner Irvin O. Crist is an individual residing at the time of the filing of the petition in this case at York, Pennsylvania. He resided at that address continuously during the year 1966. The Federal income tax return of the petitioner for the calender year 1966 was prepared on the cash receipts and disbursements method of accounting and was filed with the district director of internal revenue at Philadelphia, Pennsylvania. Petitioner is a building construction inspector for the General State Authority of Pennsylvania. He began employment with the General State Authority of Pennsylvania on May 24, 1955, and from the date of his original employment by the authority in 1955, his job title was that of building construction inspector. 511 The general headquarters of the General State Authority are located at Harrisburg, Pennsylvania. Petitioner was transferred to District No. II of the General State Authority of Pennsylvania on January 8, 1962. The principal office of District No. II is in Harrisburg, Pennsylvania, from which his assignments originate. Petitioner *248 reported each day at the General State Authority field office at the work site of his assignment so that each working day in 1966 the petitioner was required to report to the field office at Millersville, Pennsylvania, a distance of about 27 miles from his home in York. He worked 227 days in the calendar year 1966. During that year he received no reimbursement from his employer for meals or travel. Petitioner has deducted as a business expense and respondent has disallowed the cost of his meals while at work in Millersville during 1966 in the amount of $290 and $1,879.20 "mileage" on his automobile in traveling daily to and from that community. Ultimate Findings At no time during the year 1966 did petitioner remain away from his home overnight while working at Millersville. Petitioner resided at his home in York as a matter of personal convenience. Opinion As we understand petitioner's argument, he contends that because he never was certain from day to day where in Pennsylvania he would be assigned, his place of employment was "temporary" as distinguished from "indefinite" and therefore his actual home and his tax home were the same, and any expenses of traveling to and *249 from such place of employment, including meals while there, are deductible business expenses under section 162(a)(2), [1] I.R.C. 1954. The section of the Code apparently relied on by petitioner has no application to the facts before us because at no time during the taxable year 1966 was he away from home overnight. The Supreme Court has settled the law on that point in United States v. Correll, 389 U.S. 299. In a recent case, Joseph J. Bunevith 52 T.C. 837, virtually on all fours on its facts with the instant case, but much stronger on its facts for the taxpayer, we held section 162(a)(2) to be inapplicable to afford a deduction to the petitioner. On the authority of those cases, we so hold here. As for *250 the question of deductibility of the cost of petitioner's meals while at work in Millersville and his "mileage" expense relating to his automobile as business connected "traveling expenses," we hold them to be nondeductible as personal living expense (see sec. 262, I.R.C. 1954) on the authority of Commissioner v. Flowers, 326 U.S. 465, and Joseph J. Bunevith, supra.
Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩